UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEITH MAHONEY,

           **:**

     **Plaintiffs**               **Case No. 2:25-cv-908**
                              **Chief Judge Sarah D. Morrison**
  **v.**                     **Magistrate Judge Chelsey M.**
                              **Vascura**

CITY OF DELAWARE, *et al.,*

     **Defendants.**       **:**

## OPINION AND ORDER

Keith Mahoney brought this action pursuant to 42 U.S.C. § 1983 against the City of Delaware, the City of Delaware Police Department, and Officer Dominic Fritsch, alleging that his rights were violated when he was arrested on criminal charges for violating a protective order of which he was unaware. Defendants move to dismiss Mr. Mahoney's Amended Complaint, and their Motion is fully briefed and ripe for consideration.

For the reasons below, Defendants' Motion is **GRANTED**.

## I.    BACKGROUND

Defendants bring their Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), so the Court accepts the allegations in the Amended Complaint (ECF No. 11) as true, drawing all reasonable inferences in favor of Mr. Mahoney. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

On August 4, 2023, a Civil Stalking Protection Order ("CSPO") was filed in the Delaware County Court of Common Pleas. (Am. Compl. ¶ 5.) Mr. Mahoney was

named as the Respondent in the CSPO, but he was not served with a copy of the CSPO or otherwise made aware of its existence when it was filed. (*Id.* ¶¶ 5, 6.)

A week later, on August 12, 2023, Defendants caused a criminal complaint to be filed in the Delaware County Municipal Court against Mr. Mahoney. (Am. Compl. ¶ 7.) The criminal complaint was signed by Officer Fritsch and charged Mr. Mahoney with Violating a Protective Order, a first-degree misdemeanor under Ohio Revised Code § 2919.27. (*Id.*) Based on the criminal complaint, a warrant was issued for Mr. Mahoney's arrest. (*Id.*)

On August 14, 2023, Mr. Mahoney was arrested as he was leaving a Target store in Medina, Ohio. (Am. Compl. ¶¶ 9–11.) He was told that he was in violation of the CSPO and transported to jail. (*Id.* ¶ 13.) The next day, Mr. Mahoney was asked to sign a receipt acknowledging service of the CSPO, and one of Defendants' employees or legal representatives moved to dismiss the case and withdraw the warrant on the ground that Mr. Mahoney had never been served with the CSPO so had not been put on notice of the same. (*Id.* ¶¶ 14–15.) He spent one day in jail and suffered serious emotional distress. (*Id.* ¶¶ 16–17.)

Mr. Mahoney claims that Defendants lacked probable cause to file the criminal charges against him and arrest him on those charges. (Am. Compl. ¶ 20.) Although the Amended Complaint does not identify the constitutional provisions that Defendants allegedly violated, Mr. Mahoney claims that Defendants falsely arrested and imprisoned him. (*Id.* ¶ 21.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

3

## III.    ANALYSIS

### A.    Mr. Mahoney's claim against the City of Delaware is dismissed.[1]

To state a viable § 1983 claim against a government entity, a plaintiff must allege (1) a constitutional violation (2) directly caused by a municipal policy or custom. *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017) (citing M*onell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). There are at least four ways that a plaintiff may prove the existence of a municipality's illegal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). A plaintiff may look to:

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision[-]making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas*, 398 F.3d at 429).

In their Motion, Defendants argue, *inter alia*, that Mr. Mahoney's claim against the City of Delaware fails because he has not alleged that his constitutional

---

[1] Mr. Mahoney names both the City of Delaware and the City of Delaware Police Department as Defendants, but police departments are not *sui juris* and, as such, are not subject to suit under § 1983. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases holding that Ohio police departments are not *sui juris* for purposes of § 1983 suits). Accordingly, the City of Delaware is the proper Defendant, and Mr. Mahoney's § 1983 claim against the City of Delaware Police Department is hereby **DISMISSED**. *See, e.g.*, *Sharaydeh v. Wartime Cty.*, No. 1:23-cv-409, 2024 WL 1620783, at *2 (S.D. Ohio Apr. 15, 2024) (Barrett, J.) (granting motion for judgment on the pleadings as to police department because it was not *sui juris*).

4

deprivation stemmed from a policy or custom of the City of Delaware. (ECF No. 15, PAGEID # 53.) Mr. Mahoney does not meaningfully address Defendants' argument in his response to their Motion. (*See generally* ECF No. 20-1.) In fact, on review of the Amended Complaint, Mr. Mahoney has not plausibly alleged an actionable policy or custom that led to his claimed constitutional violations.

Accordingly, Defendants' Motion to Dismiss is **GRANTED** as to the City of Delaware.

### B.      Mr. Mahoney's claim against Officer Fritsch is dismissed.

The Amended Complaint does not specify whether Mr. Mahoney intends to sue Officer Fritsch in his official capacity or his individual capacity. "When a complaint is ambiguous over whether a plaintiff has sued state defendants in their [individual] or official capacities, [courts] will construe it as raising official-capacity claims unless the 'course of proceedings' has clarified that the plaintiff seeks to hold the defendants personally liable." *New Albany Main St. Props. v. Watco Companies, LLC*, 75 F.4th 615, 632 (6th Cir. 2023) (citations omitted). Courts assume that a government official is being sued in his official capacity, unless the pleadings provide notice that he is being sued individually. *See, e.g.*, *Wonser v. Norman*, No. 2:24-CV-2160, 2025 WL 1652007, at *1 (S.D. Ohio June 11, 2025) (Morrison, C.J.) ("Absent a clear indication that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities only." (citation omitted)), *aff'd*, No. 25-3509, 2026 WL 1230540 (6th Cir. May 5, 2026).

5

Considering the course of proceedings here, Mr. Mahoney did not notify Officer Fritsch that he was being sued as an individual. The Amended Complaint identifies Officer Fritsch in the case caption as "Officer Dominic Fritsch" and provides only his work address. (Am. Compl., PAGEID # 33.) All of the conduct alleged in the Amended Complaint arose from Officer Fritsch's employment as a police officer, and Defendants have not asserted any qualified immunity defense. To the contrary, Defendants urge the Court to treat Mr. Mahoney's claims against Officer Fritsch as official-capacity claims (*see* ECF No. 15, PAGEID # 50), and Mr. Mahoney did not dispute that characterization or otherwise express his intent to hold Officer Fritsch personally liable (*see generally* ECF No. 20-1). Consequently, the Court construes the Amended Complaint as asserting only an official-capacity claim against Officer Fritsch.

An official-capacity action "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted). Where, as here, a plaintiff asserts a § 1983 claim against both a government entity and a government agent in his official capacity, dismissal of the duplicative claim against the agent is appropriate. *See Waddell v. Lewis*, No. 1:22-CV-635, 2024 WL 1071900, at *2 (S.D. Ohio Mar. 12, 2024) (McFarland, J.) ("[C]ourts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit." (citation omitted)). That is especially true when courts dismiss the claim against the government entity on its merits because the plaintiff fails to allege that a policy or

custom played a part in the alleged violation. *See Baar v. Jefferson Cnty. Bd. of Educ.*, 476 F. App'x 621, 635 (6th Cir. 2012).

Thus, Defendants' Motion to Dismiss is **GRANTED** as to Officer Fritsch.

## IV.    CONCLUSION

Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**.


**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**